IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**MARY TENAMORE**,

        Plaintiff,

        v.

Case No. 18-cv-952

**TRAVEL MART, INC.**
225 Pioneer Drive
Wisconsin Dells, Wisconsin

        Defendant.

## COMPLAINT

Plaintiff, Mary Tenamore, by her attorneys, Hawks Quindel, S.C., for her Complaint against Defendant, Travel Mart, Inc., states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff was employed by Defendant throughout the preceding three years until she terminated her employment in August of 2018. During her employment, and within the three-year period preceding this Complaint, Plaintiff was paid an hourly wage for her work but was provided no additional compensation for overtime hours. Despite this, Plaintiff regularly worked hours over 40 in a workweek. Plaintiff seeks payment of overtime wages, an equal amount in liquidated damages, and payment of attorney's fees and costs in bringing this action.

## PARTIES

1. Plaintiff is an adult resident of the state of Wisconsin. Plaintiff's signed Consent Form is attached to this Complaint as Exhibit A and is incorporated herein by reference.

2. At all times material to this matter, Plaintiff was an "employee" of Defendant as defined by 29 U.S.C. § 203(e)(1).

3. Defendant is a domestic business with its principal office at 225 Pioneer Drive, Wisconsin Dells, Wisconsin. Defendant's registered agent for service of process is Gary Gussel.

4. At all times relevant to this Complaint, Defendant was the "employer" of Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d).

5. At all times material to this Complaint, Defendant has employed more than two employees.

6. Upon information and belief, at all times material to this Complaint, Defendant has employees who are engaged in commerce.

7. Upon information and belief, at all times material to this Complaint, Defendant has had an annual dollar volume of sales or business done of at least $500,000.

8. Upon information and belief, at all times material to this Complaint, Plaintiff was an employee engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201, *et seq.*

10. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates a facility in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

11. Defendant employed Plaintiff as a manager in Wisconsin Dells, Wisconsin during the period from three years preceding this Complaint until August 31, 2018.

12. During the three years preceding the filing of this Complaint, Plaintiff used a timeclock to record her hours worked.

13. During the three years preceding the filing of this Complaint, Plaintiff was regularly suffered and permitted to work hour over 40 in a week.

14. During the three years preceding the filing of this Complaint, Plaintiff was paid at the same hourly rate for hours worked over 40 in a week as she was for hours worked under 40 in a week.

## CAUSE OF ACTION:
## FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE FLSA

15. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

16. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one-and-one-half times the regular rate of pay for work performed in excess of 40 hours per workweek.

17. During her employment with Defendant, Plaintiff was suffered and permitted to work hours over 40 in a workweek for Defendant without overtime compensation.

18. Defendant's practices violate the provisions of the FLSA, including, but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiff has suffered a wage loss.

19. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime wages in violation of the FLSA.

20. Plaintiff seeks damages in the amount of twice the unpaid overtime wages earned during the relevant statutory period as well as attorney's fees and costs in bringing this action pursuant to 29 U.S.C. § 216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, awarding her:

A. The overtime compensation owed to Plaintiff under 29 U.S.C. § 207 for the three-year time period prior to the commencement of this action;

B. Liquidated damages in an amount equal to the amount awarded to her as overtime wage compensation, as provided in 29 U.S.C. § 216(b);

C. All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b); and

D. Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under the FLSA.

Dated: November 20, 2018.

                                          **HAWKS QUINDEL, S.C.**
                                          *Attorneys for the Plaintiff*

                                          By: */s/David C. Zoeller*
                                          David C. Zoeller, State Bar No. 1052017
                                          Email: dzoeller@hq-law.com
                                          Caitlin M. Madden, State Bar No. 1089238
                                          Email: cmadden@hq-law.com
                                          409 East Main Street
                                          Madison, Wisconsin 53703
                                          Telephone: (608) 257-0040
                                          Facsimile: (608) 256-0236